FILED ELECTRONICALLY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT
LONDON DIVISION
CIVIL ACTION NO.: _____

| | | |
|---|---|---|
| **ALI SAWAF, Individually,** <br> **and as the Administrator of the** <br> **Estate of MARK S. SAWAF, Deceased** | | **PLAINTIFF** |
| **V.** | **NOTICE OF REMOVAL** | |
| **LEXINGTON-FAYETTE URBAN** <br> **COUNTY GOVERNMENT,** <br> **BRAD DOBRZYNSKI, individually,** <br> **MATT GREATHOUSE, individually,** <br> **CLAYTON ROBERTS, individually,** <br> **UNKNOWN EMPLOYEES OF THE LEXINGTON** <br> **FAYETTE URBAN COUNTY GOVERNMENT** <br> **DIVISION OF POLICE and** <br> **FIRE DEPARTMENTS/PUBLIC SAFETY, individually,** <br> **and ANY AND ALL OTHER UNKOWN DEFENDANTS** | | **DEFENDANTS** |

*************

Notice is hereby given that on January 24, 2019, the Defendants, LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT, BRAD DOBRZYNSKI, individually, MATT GREATHOUSE, individually, CLAYTON ROBERTS, individually, UNKNOWN EMPLOYEES OF THE LEXINGTON FAYETTE URBAN COUNTY GOVERNMENT DIVISION OF POLICE and FIRE DEPARTMENTS/PUBLIC SAFETY, individually, and ANY AND ALL OTHER UNKNOWN DEFENDANTS (collectively, the "Defendants"), by and through counsel, hereby remove this action from the Harlan Circuit Court, Harlan County, Kentucky, to the United States District Court for the Eastern District of Kentucky, London Division, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441, 28 U.S.C. § 1446. In support of this removal, Defendants state as follows:

1. Plaintiff ALI SAWAF, Individually, and as the Administrator of the Estate of MARK S. SAWAF, Deceased filed this civil action in the Harlan Circuit Court, which is within the district and division of this Court, to recover damages and alleging, among other things, that defendants herein were acting on "special detail" to and as a part of a federal ATF "task force" (See Complaint at ¶¶17-22, enclosed)[1] and further that Defendants herein acted in violation of his rights under the Fourth, Fifth and Sixth Amendments of the United States Constitution, constituting a violation of the U.S. Constitution (*see* Complaint at Counts I, II, III and IV). Plaintiff further alleges that all allegations contained in his Complaint occurred in Harlan County, Kentucky (*See* Complaint). Plaintiff commenced this action on December 24, 2018, Civil Action No. 18-CI-00531, and the earliest date of service of process effectuated on any defendant was at the earliest on January 4, 2019 (*See* Kentucky Court of Justice record, attached hereto).

2. 28 U.S.C. § 1441(a) states that, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3. 28 U.S.C. § 1331 provides the district court with original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States."

4. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441 because it is a civil action wherein the Plaintiff alleges that his

---

[1] *See also* previously filed Complaint (also enclosed) *Ali Sawaf, Individually, and as the Administrator of the Estate of Mark S. Sawaf, Deceased v. Lexington-Fayette Urban County Government, et al.*, U.S. District Court, Central Division at Lexington, Civil Action No. 5:17-cv-00405-JMH.  Note: This prior civil action was dismissed with prejudice.  *See* Memorandum (D.E. 20) and Judgment (D.E. 21) (also enclosed).

action arises under *Bivens v. Six Unknown Named Federal Agents,* 403 U.S. 388 (1971) and its progeny; *see also* Federal Torts Claims Act, 28 U.S.C. § 2671, et. seq.

5. In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the Defendants in this action are filed together with this Notice of Removal.

6. The Defendants expressly reserve their right to raise all defenses and objections in this action after the action is removed to this Court pursuant to Fed.R.Civ.P. 81(c), so that they have "(A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed" to responsively plead or otherwise plead to the Complaint.

7. This Notice is filed with the Court within thirty (30) days after service of the Summons and Complaint on the Defendants in the above-entitled action as required by law.

WHEREFORE, Defendants pray that this action proceed in this Court as an action properly removed thereto.

Respectfully submitted,

/s/*Charles D. Cole*
CHARLES D. COLE
L. SCOTT MILLER
DERRICK T. WRIGHT
STURGILL, TURNER, BARKER & MOLONEY, PLLC
333 W. Vine Street, Suite 1500
Lexington, KY 40507
(859) 255-8581
ccole@sturgillturner.com
smiller@sturgillturner.com
dwright@sturgillturner.com
ATTORNEYS FOR DEFENDANT,

BRAD DOBRZYNSKI, individually

and

BARBARA A. KRIZ
KRIZ, JENKINS, PREWITT & JONES, P.S.C.
200 West Vine Street, Suite 710
P.O. Box 499
Lexington, KY 40588
Telephone: (859) 255-6885, Ext. 114
bkriz@kjpjlaw.com
ATTORNEYS FOR DEFENDANTS,
LFUCG, MATT GREATHOUSE, individually AND
CLAYTON ROBERTS, individually

## **CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing has been mailed this 24th day of January, 2019, on the following:

Douglas E. Asher II
ASHER LAW OFFICE
120 South First Street
P.O. Box 1466
Harlan, Kentucky 40831
(606)273-8769
COUNSEL FOR PLAINTIFF


    /s/*Charles D. Cole*
ATTORNEYS FOR DEFENDANT,
BRAD DOBRZYNSKI

00597146.DOCX