UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| ALI SAWAF, Individually and as Administrator of the Estate of Mark S. Sawaf, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>LEXINGTON-FAYETTE UBRAN COUNTY GOVERNMENT, et al.,<br><br>    Defendants. | Civil Action No.<br>5:17-cv-00405-JMH<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the Court upon Defendants' Motions to Dismiss [DE 10 and 12]. Plaintiff has filed a Response [DE 17], and Defendants have filed Replies [DE 18 and 19] in further support of their Motions. For the reasons that follow, Defendants' Motions will be granted.

I.

Plaintiff avers that, on August 11, 2016, officers from Lexington Fayette County Urban Government's (LFUCG) Fire Department and Police Department, Brad Dobrzynski, Matt Greathouse, and Clayton Roberts, participated in an Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") operation in Harlan County. Captain Dobrzynski was assigned to the Lexington

1

Hazardous Devices Unit that participated in the operation as part of the ATF Task Force. (*See* Compl., DE 1, ¶¶ 17-21). During the operation around 6:45 pm, Mark S. Sawaf was being escorted up a mountain. (*See* Compl., DE 1, ¶ 75). Sawaf's hands were cuffed in the front, and those cuffs were attached to a belly chain that was secured around his waist throughout the entire operation. (*See* Compl., DE 1, ¶ 31).

While being escorted up the mountain, Dobrynski has claimed that Sawaf attempted to grab the holstered weapon of Defendant Matt Greathouse. (*See* Compl., DE 1, ¶ 75). Dobrzynski then observed Defendant Greathouse attempting to retain his weapon. (*See* Compl., DE 1, ¶ 76). It was then that an altercation ensued and ATF Agent Todd Tremain joined in to assist by delivering strikes to Sawaf. During this altercation, Defendant Greathouse yelled for Captain Dobrzynski to "shoot" Sawaf. (*See* Compl., DE 1, ¶ 77). At that point, Captain Dobrzynski shot Sawaf in the head. (*See* Compl., DE 1, ¶78). Moments after the shooting, ATF Medic Bobbich arrived and began life-saving procedures. (*See* Compl., DE 1, ¶ 82). According to the timeline of events kept by ATF Agent Russell King, approximately 20 minutes expired before Bobbich began treating Sawaf. (*See* Compl., DE 1, ¶ 83). The

2

Complaint does not explain how this task force came to be escorting Mark S. Sawaf up the mountain or to what end.

The administrator of the Sawaf's estate filed this lawsuit against Defendants for alleged violations of the Sixth Amendment, Fourth Amendment, Eighth Amendment, Fifth Amendment of the United States Constitution and, Section 17 and Section 1 of the Kentucky Constitution, Paramedic Malpractice, Compensatory Damages, Loss of Filial Consortium, Negligence, and Wrongful Death. He seeks relief for himself as an individual and for the estate of his son. For the reasons which follow, these claims fail.

## II.

A plaintiff bears the burden of pleading and establish jurisdiction. See Fed. R. Civ. P. 8(a)(1); *see also Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Unlike the Rule 12(b)(6) analysis, this court is further "empowered to resolve factual disputes when subject matter jurisdiction is challenged." *Id.*

Here, the Complaint alleges that the events at issue occurred while the individual defendants, who were otherwise employees of LFUCG, were on "special detail" to and acting as "part of" a federal ATF "task force." *See* DE 1, ¶¶17-22. Given

Plaintiff's allegations, the individual defendants qualify as federal employees for FTCA purposes despite their employment with LFUCG.[1] 28 U.S.C. § 2671 (defining "employee of the government" to include "officers or employees of any federal agency ... and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently, in the service of the United States, whether with or without compensation."); 5 U.S.C. § 3374(a), (c). ("During the period of assignment, a State or local government employee on detail to a Federal agency ... is deemed an employee of the agency for the purpose of ... the Federal Tort Claims Act and any other Federal tort liability statute[.]"); *cf.* Kentucky Revised Statute 95.019 (allowing urban county government police jurisdiction "anywhere in the county in which the urban county government or city is located"). For "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government," the "remedy against the United States" provided by the FTCA is "exclusive." *See* 28 U.S.C. § 2679(b)(1);

---

[1] The federal employee must be "acting within the scope of his office or employment" to come within the § 2679(b)(1) exclusive remedy protection. If the scope of employment requirement is at issue, the employee can request certification from the Attorney General. *See* 28 U.S.C. § 2679(d). The Court agrees with Defendants that certification is unnecessary in this case because Plaintiff's Complaint alleges and does not dispute that the individual defendants were acting within the scope of their employment. If the scope of employment has been pleaded, lack of subject matter jurisdiction is sufficiently "evident" to grant dismissal without certification. *See Webb v. Smith*, 632 F. App'x 957, 960 (10th Cir. 2015).

4

*see also Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee."); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit.").

It follows that, because the FTCA and its exclusive remedy apply in this instance, this court lacks jurisdiction to consider the state tort claims against the individual actors and, for that matter, LFUCG since Defendants were serving a task force outside of their jurisdiction as federal employees at the time (by statutory definition) on the facts alleged in Plaintiff's complaint. *See* Fed. R. Civ. P. 12(b)(1); *Allgeier*, 909 F.2d at 871 ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."); *Galvin*, 860 F.2d at 183 ("Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction.").[2]

---

[2] Additionally, there is no averment that Plaintiff has exhausted administrative remedies that are prerequisites to an FTCA claim before this Court, which would also deprive this Court of jurisdiction and necessitate dismissal under Fed. R. Civ. P. 12(b)(1). *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money

5

III.

Next, Plaintiff's federal claim under 42 U.S.C. § 1983 will be dismissed. Section 1983 authorizes a private right of action to enforce federal constitutional rights against defendants who were acting under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Whether the defendant acted under color of state law is an essential element of a Section 1983 claim. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). The under color of state law requirement does not extend to actions taken by federal officials who are acting under color of federal authority. *See*

---

damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."); *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002) (explaining how jurisdiction is lacking where FTCA administrative remedies have not been exhausted); *Bangas v. Potter*, 145 F. App'x 139, 142 (6th Cir. 2005)(same).

*District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973); *McCloskey v. Mueller*, 446 F.3d 262, 271 (1st Cir. 2006). For this reason, courts have long held that relief against federal officers for federal constitutional violations can only be pursued through an implied right of action as recognized by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court conclude that the same rule applies here.

Plaintiff invokes § 1983 and does not seek relief in the form of a *Bivens* action. The distinction also has significance, and this Court has no obligation to salvage Plaintiff's lawsuit by converting or recharacterizing those claims. *See Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) ("There lacks any authority in support of Mitchell's blanket proposition that a court must convert a Section 1983 claim asserted against federal officials to one asserting *Bivens* violations."). As such, his claim fails. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that, to survive a motion to dismiss, a plaintiff must raise his claim above a speculative level and demonstrate "a claim to relief that is plausible on its face.")

Further, the court will not consider the § 1983 claims against Defendant LFUCG because the actions alleged took place

7

during the individual Defendant's service with the federal task force, shifting the risk of loss to the United States. While LFUCG may have had a very nominal role in this matter, as the regular employer of the individual defendants, the officers were acting at the behest of the ATF outside of their jurisdiction as LFUCG officers, and that is insufficient upon which to found claims for relief on the facts alleged.

Finally, Defendants have identified a host of alternative reasons why the claims against them might be dismissed, but the Court need not address those at this time.

Accordingly, **IT IS ORDERED** that Defendants' Motions to Dismiss [DE 10 and 12] are **GRANTED**.

This the 28th day of September, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge