IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 6:19-cv-00020-KKC

*ELECTRONICALLY FILED*

ALI SAWAF, Individually,                                                     PLAINTIFF,
and as the Administrator of the
Estate of MARK S. SAWAF, Deceased

v.     **Memorandum of Law of Defendants LFUCG, Matt Greathouse, Individually, and Clayton Roberts, Individually, in Support of their Motion to Dismiss under Fed. R. Civ. P 12(b)(6)**

LEXINGTON-FAYETTE URBAN                                    DEFENDANTS.
COUNTY GOVERNMENT,
BRAD DOBRZYNSKI, Individually,
MATT GREATHOUSE, Individually,
CLAYTON ROBERTS, Individually; and
UNKNOWN DEFENDANTS

***** ***** *****

       Comes the Defendants, Lexington Fayette Urban County Government (LFUCG), Matt Greathouse, individually, and Clayton Roberts, individually, by counsel, and for their Memorandum in support of their Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), state:

## Issue

       Plaintiff Ali Sawaf's current Complaint is a mirror image of an earlier Complaint he filed in this Court in October 2017. (*See* Case No. 5:17-cv-00405-JMH, DE 1.) In that earlier case, U.S. District Judge Joseph Hood entered a judgment in the Defendants' favor, dismissing the Plaintiff's claims, with prejudice. (5:17-cv-00405-JMH, DE 20 and 21.) Sawaf did not appeal that decision nor attempt to amend his pleadings prior to dismissal. After making only slight

modifications to his previous Complaint, Sawaf refiled his claims against the same defendants just 87 days later in Harlan Circuit Court.

Where a case involves a prior decision on the merits, the same parties, and claims that were brought or could have been brought in the prior action, the doctrine of claim preclusion, or res judicata, bars the new action. *See, e.g., Montana v. United States,* 440 U.S. 147, 153 (1979). Its purpose is to prevent the "relitigating of issues that were or could have been raised in [a prior] action." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981).

Sawaf's new Complaint is nothing more than a rehashing of the issues involved in his old claim. As such, it is barred and therefore, should be DISMISSED.

## Factual and Procedural Background

On August 11, 2016, Defendants Brad Dobrzynski, Matt Greathouse, and Clayton Roberts assisted in a Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) operation in Harlan County as part of a special-detail task force. (DE 1-4, Page ID# 46, ¶¶ 17-21.) Greathouse and Roberts are bomb technicians with the Lexington Police Department, Lexington Hazardous Devices Unit. (DE 1-4, Page ID# 45 ¶¶ 12-13.) Dobrzynski is an employee of the Lexington Fire Department, assigned to the Fire Investigation Bureau. (DE 1-4, Page ID# 45, ¶ 11.) Around 6:45 p.m., Greathouse, Roberts, Dobrzynski, and others escorted the Plaintiff's son, Mark S. Sawaf, up a mountain. (DE 1-4, Page ID# 52-53, ¶ 75.) Mark Sawaf wore restraints consisting of handcuffs attached to a belly chain secured around his waist. (DE 1-4, Page ID#47-48, ¶ 31.)

At some point, Dobrzynski claims, Mark Sawaf attempted to grab Greathouse's holstered sidearm. (DE 1-4, Page ID# 52-53, ¶ 75.) Dobrzynski observed Greathouse struggle to retain his weapon as an ATF agent, Todd Tremain, delivered strikes to Sawaf. (DE 1-4, PAGE ID#53, ¶ 76.) In the heat of the altercation, Greathouse yelled to Captain Dobrzynski, telling him to

"shoot" Sawaf. (DE 1-4. PAGE ID#53, ¶ 77.) Dobrzynski reacted by discharging his firearm, wounding Sawaf in the back of the head. (DE1-4, Page ID# 53, ¶ 78.) Moments later, an ATF medic, Rebecca Bobbich, arrived and began administering life-saving procedures. (DE 1-4, Page ID# 53, ¶ 82.) The Plaintiff claims that it took 20 minutes for Bobbich to arrive and to begin treating Sawaf. (DE 1-4, PAGE ID# 53-54, ¶ 83.)

*First Civil Action, 5:17-cv-00405-JMH*

On October 17, 2017, the Plaintiff filed suit against LFUCG, Dobrzynski, Greathouse, Roberts, and unknown employees of LFUCG. The claims against Dobrzynski, Greathouse, and Roberts were brought against them in their individual capacity. The suit contained 11 counts, alleging violations of the Sixth Amendment, Fourth Amendment, Eighth Amendment, and Fifth Amendment of the United States Constitution, violations of Sections 1 and 17 of the Kentucky Constitution, paramedic malpractice, compensatory damages, loss of filial consortium, negligence, and wrongful death. The Plaintiff sought relief on his own behalf and on behalf of his deceased son's estate. The various Defendants separately moved the Court for dismissal of the claims under Fed. R. Civ. P. 12(b)(6).

By way of a Memorandum Opinion and Order, issued September 28, 2018, Judge Hood granted the Defendants' motions, entered judgment in the Defendants' favor, and dismissed the Plaintiff's claims with prejudice. (*See* 5:17-cv-00405-JMH, DE 20 and 21.) Judge Hood's opinion was nuanced. Because Roberts, Greathouse, and Dobrzynski, were on special detail to and acting as part of a federal ATF task force at the time, they qualified as "federal employees" under the Federal Tort Claims Act (FTCA). The FTCA is the exclusive remedy for claims of personal injury or death arising out of or resulting from the negligent or wrongful acts or omissions of any Government employee. Judge Hood therefore ruled that the Court lacked

3

jurisdiction to consider the state tort claims because the Plaintiff failed to pursue those claims through the FTCA and failed to name the United States as a Defendant.[1]

Judge Hood also dismissed the Plaintiff's remaining claims for violations of various federal and state constitutional provisions because the Plaintiff brought those claims under 42 U.S.C. § 1983.[2] Judge Hood ruled that an essential element of a § 1983 claim required proof that the Defendants were acting under color of state law at the time of the events described in the Complaint. Section 1983 claims do not apply to federal officials acting under color of federal authority, as the Defendants were in this case. Judge Hood concluded that relief against federal officers for federal constitutional violations can be pursued only through the implied right of action set forth in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

### *Second Civil Action, USDC 6:19-cv-00020 (Harlan Circuit Case No. 18-CI-00531)*

The Plaintiff never attempted to amend his Complaint before it became final. Nor did he appeal Judge Hood's decision. Instead, on December 24, 2019, 87 days after Judge Hood's judgment, he filed a new Complaint in the Harlan Circuit Court, claiming monetary damages "pursuant to *Bivens.*" (DE 1-4. PAGE ID #43, ¶ 1.) He again failed to name the United States as a Defendant or assert a claim under the FTCA.

The Plaintiff's new Complaint is substantively identical to his original Complaint. It identifies the same defendants as the original, and its factual statements are exactly the same. Like the original Complaint, it contains 11 counts. The only change to the counts being asserted is to substitute a claim under *Bivens* in place of the § 1983 claim contained in the original. In

---

[1] Though Judge Hood's Opinion did not specify, this part of his ruling presumably applied to Counts VI through XI of the original Complaint.
[2] Presumably this part of Judge Hood's ruling applied to Counts I through V of the original Complaint.

fact, the new Complaint contains just four modifications from the original, all of which are marginal and do not change the core contentions of liability:

- The introduction is modified to state that the claims are being brought pursuant to *Bivens.* The introduction also contains new language stating that, although the Defendants were acting as members of a "Federal ATF Task Force," they are employees of LFUCG and wore LFUCG uniforms and were apparently not working under any "written Task Force Agreement between the ATF and the LFUCG." (DE 1-4. PAGE ID# 42, ¶ 1.)

- The "Jurisdiction and Venue" statement is modified to make it more appropriate to a state-court action, providing jurisdictional hooks justifying state-court jurisdiction. (DE 1-4, Page ID# 44, ¶¶ 3-7.) It also alleges that it was timely filed within 90 days following dismissal ***on jurisdictional grounds*** of a prior lawsuit that had been filed in the U.S. District Court for the Eastern District of Kentucky. In support, the new Complaint cites KRS 413.270 and *Ockerman v. Wise,* 274 S.W.2d 385 (Ky. 1954). (DE 1-4, PAGE ID# 44 ¶ 5; emphasis added.)

- References to 42 U.S.C. § 1983 are removed from Count V. (DE 1-4, PAGE ID# 59, ¶ 120.)

- Count X is modified slightly to remove "the common law of the State of Kentucky" as a basis for the imposition of punitive damages. (DE 1-4, PAGE ID# 66, ¶ 164.)

The Defendants removed the new Complaint to this Court on January 24, 2019 and now ask the Court to dismiss it. As constituted, the Plaintiff again fails to state a cause of action against Defendants Greathouse, Roberts, and the LFUCG upon which relief may be granted, and

5

his *Bivens* claim must be dismissed. 28 U.S. C. §2679(b)(1); see also *Allgier v. United States*, 909 F. 2d 869, 871 (6th Cir. 1990); *Galvin v. Occupational Safety & Health Admin.,* 860 F. 2d 181, 183 (5th Cir. 1988).

## Argument

*The Earlier Case Was Dismissed on the Merits*

Despite the Plaintiff's contention that Judge Hood's dismissal was made on jurisdictional grounds, allowing him to refile it under KRS 413.270, any reasonable reading of Judge Hood's decision reveals that his dismissal was based on the merits of the claim. First, he found that the Plaintiff's claims for negligence and wrongful conduct were precluded by the Plaintiff's failure to bring those claims under the FTCA. (5:17-cv-00405-JMH, DE 20, pp. 4-5.) Because the FTCA is the sole venue for such claims, the Plaintiff's failure to assert them under the FTCA was fatal to those counts of his Complaint. Second, he ruled that the Court would not consider the Plaintiff's § 1983 claims against the LFUCG defendants because "the actions alleged took place during the individual Defendant's service with the federal task force, shifting the risk of loss to the United States" and because "[w]hile the LFUCG may have had a very nominal role in this matter … the officers were acting at the behest of the ATF outside of their jurisdiction as LFUCG officers, and that is insufficient upon which to found claims for relief on the facts alleged." (5:17-cv-00405-JMH, DE 20, pp. 7-8.)

A decision on the merits is one that permanently forecloses a party from advancing a claim or defense. *See, e.g., Mitchell v. Chapman,* 343 F.3d 811, 822 (6th Cir. 2003). Courts often use the expression "death knell of the litigation" to describe such situations. *Id.* at 821. For instance, "[w]here a statutory right is being pursued … and the defense raised is that the plaintiff or defendant does not come within the purview of the statute, the judicial acceptance of this

defense, … is the death knell of the litigation and has the same effect as a dismissal on the merits." *Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 916 (6th Cir. 1986).

This is what we have here. Judge Hood found (1) the negligence and associated claims did not fall under the purview of the common law claims asserted in the Complaint because the FTCA had sole jurisdiction over those claims and (2) the constitutional-violation claims brought under § 1983 did not fall within the purview of that statute because the Defendants were acting under color of federal law, not state law. Both of these findings signaled the "death knell" of the Plaintiff's claims and were fatal to the litigation. The decision did not turn on some mere jurisdictional prerequisite that could be remedied and refiled.

### *The Doctrine of Claim Preclusion Bars the Plaintiff's Present Claims*

A final judgment on the merits in one lawsuit precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment. *Montana v. United States,* 440 U.S. 147, 153 (1979). The doctrine of claim preclusion precludes not only re-litigating a claim that was previously adjudicated, but also precludes litigating a claim or defense that should have been raised in the prior suit. *Stern v. Mascio,* 262 F.3d 600, 608 (6th Cir. 2001) (citing *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 918 F.2d 658, 660-61 (6th Cir. 1990)). There are four elements to claim preclusion: (1) the prior decision must be a final decision on the merits; (2) the present action must involve the same parties or their privies; (3) the claim in the present action must be one that should have been litigated in the prior action; and (4) an identity exits between the prior and present actions. *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995).

All four elements are present here. As discussed above, the prior decision was final and decided on the merits. It's also undisputed that the present action involves the same parties as the

7

first action. A simple comparison of the two case stylings tells us that. And there is no question that an identity of causes of action exists between the two actions. In this context a common identity of causes of action means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992) (citing *Westwood Chemical Co. v. Kulick,* 656 F.2d 1224, 1227 (6th Cir.1981)). Both actions are premised on the same core contention of facts and issues. The evidence for the Plaintiff's claims and the causes of action were available to him at the time he filed his first action. The second action is not premised on any new facts providing grounds for a new cause of action. So, this case hinges on an analysis of the third element: should the new claim in this action have been litigated in the first action?

The only change to the Plaintiff's pleadings is a swapping of his 42 U.S.C. § 1983 claim for a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). That is, in the first action, the Plaintiff classified his constitutional claims under § 1983. Now he classifies them under *Bivens.*

The implied right of litigants to assert claims against federal-government employees for violations of federal-constitutional rights, a la *Bivens,* is not a new one. The U.S. Supreme Court issued the *Bivens* decision in 1971, and litigants have brought a steady stream of litigation in the style of *Bivens,* alleging violations of various federal constitutional rights, ever since. A *Bivens* claim was available to the Plaintiff at the time he filed his first suit. He should have brought such a claim in his first action. The fact that he erred in his pleadings by asserting a § 1983 claim instead does not absolve him. All of the elements of claim preclusion are satisfied. The doctrine bars his current action from being re-litigated.

***The Statute of Limitations Bars the Plaintiff's New Suit***

Moreover, even if res judicata did not bar his present claims, the Plaintiff has filed his new *Bivens* action out of time. Under Kentucky law, *Bivens* claims have a one-year statute of limitations. KRS 413.140; *Mitchell, supra,* 343 F.3d at 825. The Plaintiff filed the present action nearly two and a half years after the events described in the Complaint.

The Plaintiff seeks cover behind KRS 413.270, arguing that the statute saves his action from a limitations defense. In its entirety, KRS 413.270 states:

> (1) If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within ninety (90) days from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not be counted in applying any statute of limitation.
> (2) As used in this section, "court" means all courts, commissions, and boards which are judicial or quasi-judicial tribunals authorized by the Constitution or statutes of the Commonwealth of Kentucky or of the United States of America.

By the plain language of the statute, KRS 413.270 applies only to actions that another court dismissed for lack of jurisdiction. While Judge Hood wrote in his opinion that the Court lacked jurisdiction over the state tort claims against the individual actors and LFUCG, his reasoning was based on the exclusivity of the FTCA, not because the Court was merely the wrong venue for the claims. The exclusivity of the FTCA holds true for this new action. The FTCA continues to preclude the adjudication of the refiled state tort claims.

As to the federal constitutional violations being alleged in the new *Bivens* action, KRS 413.270 still offers no relief because the action is a new one that wasn't alleged in the first

9

action. KRS 413.270 applies only to cases that were previously dismissed. This Court didn't dismiss a previous *Bivens* action because the Plaintiff didn't bring one in his first suit. He brought a 42 U.S.C. § 1983 claim instead. It was the § 1983 claim that this Court dismissed, and it wasn't dismissed on jurisdictional grounds. The Court dismissed it because it had no application to the facts of this case. KRS 413.270 therefore has no application to this case. The Plaintiff's *Bivens* claim is out of time. His remaining allegations for state tort claims continue to be barred by the FTCA.

### *In Addition to the Above Defenses, the Plaintiff's Claims Fail to State a Cause of Action upon which Relief May Be Granted*

In Count I, Plaintiff alleges that Greathouse and Roberts deprived Mark Sawaf of his Sixth Amendment right to counsel. The Sixth Amendment to the United States Constitution guarantees a Defendant the right to have counsel present at all critical stages of a criminal proceeding. *Montejo v. Louisiana*, 556 U.S. 778 (2009). The Plaintiff has not alleged any facts that Mark Sawaf was involved in any criminal proceeding during the events described in his Complaint, however. Nor, more importantly, does he allege that Greathouse and/or Roberts had any involvement in any such criminal proceeding. It is beyond doubt that Greathouse and Roberts cannot be liable for violating Mark Sawaf's Sixth Amendment Rights if they had no involvement with his participation in the events described in the Plaintiff's Complaint. Since the Plaintiff has failed to allege any facts that would support his claim of a Sixth Amendment violation, those claims should be dismissed for Plaintiff's failure to state a cause of action against Greathouse and Roberts upon which relief may be granted.

In Counts II, III, IV, V, and VI of his Complaint, Plaintiff alleges that Greathouse, Roberts and/or the LFUCG violated Mark Sawaf's Fourth, Eighth, Fifth and Fourteenth Amendment Rights. Whether the Fourth, Eighth, or Fourteenth Amendments applies in a *Bivens*

action depends on the status of the plaintiff at the time of the incident, i.e., whether he was a free citizen, a convicted prisoner, or in some grey area between the two. *Burgess v. Fischer*, 735 F. 3d 462, 472 (6th Cir. 2013). The Eighth Amendment ban on cruel and unusual punishment bars excessive force only against convicted persons. *Id.*; *Whitley v. Albers*, 475 U.S. 312, 318-319 (1986). The Fourth Amendment prohibition against unreasonable seizures bars excessive force against only free citizens. *Burgess v. Fischer*, 735 F. 3d at p. 472 citing *Graham v. Connor*, 490 U.S. 386, 393-394 (1989). The Fourteenth Amendment's due process clause is only applicable when an individual is neither a convicted prisoner nor a free citizen. *Id.*

Although the Plaintiff alleges that his son was in handcuffs during the events described in his Complaint, he fails to allege any facts establishing Mark Sawaf's status at that time or the involvement of Roberts, Greathouse and/or the LFUCG with that status. He has not alleged that any of the Defendants arrested him or that he was in the Defendants' custody. At most, the Plaintiff's Complaint alleges merely that Defendants Greathouse and Roberts were part of a task force and were present when Dobrzynski shot his son and either failed to intervene on his behalf or failed to train and supervise others which led to their failure to intervene. These factual allegations, even if true, do not establish liability on the part of Greathouse and Roberts for violations of any of the federal-constitutional rights enumerated in his Complaint. Since any violation of Mark S. Sawaf's federal-constitutional rights depends on his status at the time of the events described in the Plaintiff's Complaint and the Defendants' involvement with that status, and because the Plaintiff's Complaint fails to allege any facts about that status, the Plaintiff has failed to state any cause of action against Defendants Roberts, Greathouse or the LFUCG upon which relief may be granted. Accordingly, the federal-constitutional violations contained in Counts I through VI of the Complaint should be dismissed.

The Plaintiff next alleges that the Defendants are liable for compensatory damages due to the wrongful death of his son because they violated various sections of the Kentucky Constitution. The Kentucky General Assembly has not authorized a private right of action for state constitutional violations, however, and the Kentucky Supreme Court has declined to create a new tort for money damages for violations of the Kentucky Constitution. Since the Plaintiff has no private cause of action based on alleged violations of the Kentucky Constitution, the Plaintiff's state-law claims in Counts III through VI of his Complaint should be dismissed for failure to state causes of action upon which relief may be granted.

In Count IX of his Complaint, the Plaintiff alleges a state law claim for "loss of filial consortium." He fails to state the age of his son, Mark Sawaf, at the time of his death, but, based on the other allegations in the Complaint, it appears that Mark Sawaf was not a minor at the time of those events. KRS 411.135 provides a cause of action to parents for loss of consortium in wrongful death cases in which the decedent is a minor child of those parents at the time of death. There is no such cause of action if the decedent child is not a minor. *In re Air Crash of Lexington, Ky*. 556 F. Supp. 2d 665, 674-675 (E.D. Ky. 2008). Since Kentucky law does not recognize a cause of action for "loss of filial consortium" due the death of an adult child, the Plaintiff has either failed to allege sufficient facts to support his "loss of filial consortium" claim or has failed to state a claim for "loss of filial consortium" upon which relief may be granted. Therefore, Count IX of his Complaint should be dismissed.

In Count X of his Complaint, the Plaintiff alleges negligence against the LFUCG. The LFUCG is immune from suit for allegations of negligence on the basis of sovereign immunity. *LFUCG v. Smolcic,* 142 S.W. 3d 128, 132 (Ky. 2004). Since it is beyond doubt that the Plaintiff

can prove no set of facts in support of his negligence claim against Defendant LFUCG, that allegation should be dismissed.

Defendant Dobrzynski has filed a separate Motion to Dismiss on similar grounds. To the extent Defendant Dobrzynski raises arguments that these Defendants failed to raise, but which apply with equal force to these Defendants' motion, these Defendants incorporate by reference those arguments being asserted by Defendant Dobrzynski as further support for their Motion to Dismiss.

## Conclusion

By tossing out a wide array of allegations in his Complaint, the Plaintiff makes it uniquely difficult to parse the allegations to see if he's actually stated a cause of action upon which relief can be granted, as required by Fed. R. Civ. P. 12(b)(6). But, distilled to their essence, the allegations fall into one of two categories.

On the one hand, he reiterates a host of state-law tort claims contained in his first Complaint. These are contained in Counts VII through XI. Judge Hood held that these claims were barred by the exclusivity of the FTCA and dismissed them. The doctrine of claim preclusion prevents those claims from being re-litigated in this subsequent action.

On the other hand, the Plaintiff alleges a host of violations of federal (and some state) constitutional violations, causing him harm. These are contained in Counts I through VI of the Complaint. Unlike his first Complaint, however, this time the Plaintiff brings these allegations under *Bivens,* as opposed to 42 U.S.C. § 1983, as he did in the first Complaint. Because these claims should have been asserted in the prior litigation, the doctrine of claim preclusion bars them. But, even if this Court rules that res judicata does not apply, these claims are still precluded by the applicable statute of limitations.

Wherefore, for the reasons set forth in this Motion and Defendant Dobrzynski's Motion to Dismiss, the Court is respectfully requested to DISMISS Plaintiff's Complaint.

Respectfully submitted,

**KRIZ, JENKINS, PREWITT & JONES, P.S.C.**
200 West Vine Street, Suite 710
P.O. Box 499
Lexington, KY 40588
Telephone: (859) 255-6885, Ext. 114
Facsimile: 859-253-9709
Email: bkriz@kjpjlaw.com

/s/Barbara A. Kriz
**BARBARA A. KRIZ**
*Counsel for Defendants, LFUCG,*
*Matt Greathouse and Clayton Roberts*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing pleading was served on the **31st** day of **January, 2019**, using the CM/ECF system, to counsel of record named below:

Douglas E. Asher, II
Asher Law Office
P.O. Box 1466
Harlan, KY 40831
asherlaw39@yahoo.com
*Counsel for Plaintiff*

Charles D. Cole
L. Scott Miller
Sturgill Turner, Barker & Moloney, PLLC
333 West Vine Street, Ste. 1500
Lexington, Kentucky 40507
ccole@sturgillturner.com
smiller@sturgillturner.com
*Counsel for Defendant, Brad Dobrzynski*

/s/Barbara A. Kriz
BARBARA A. KRIZ
*Counsel for Defendants, LFUCG,*
*Matt Greathouse and Clayton Roberts*