UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON
NO. 6:19-CV-0020-CHB

*-Electronically Filed-*

| | |
|---|---|
| ALI SAWAF, Individually, and as the Administrator of the Estate of MARK S. SAWAF, Deceased | ) ) ) |
| Plaintiffs | ) |
| v. | ) |
| | ) |
| LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT; BRAD DOBRZYNSKI; MATT GREATHOUSE; CLAYTON ROBERTS; and UNKNOWN EMPLOYEES of the LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT DIVISION of POLICE and FIRE DEPARTMENT/PUBLIC SAFETY | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants | ) |

---

## MEMORANDUM IN SUPPORT OF RULE 12(b)(1) and/or (6) MOTION TO DISMISS BY DEFENDANT BRAD DOBRZYNSKI

---

COMES NOW Defendant Captain Brad Dobrzynski, in his individual capacity, by and through counsel, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, and respectfully files this Memorandum in support of his Motion to Dismiss Plaintiffs' claims against him in their entirety.

## PROCEDURAL HISTORY

**Complaint No. 1.** On the October 10, 2017, the <u>same</u> Plaintiffs to the present civil action filed suit in U. S. District Court, albeit in the Central Division at Lexington, based upon an alleged unconstitutional and tortious incident that occurred on August 11, 2016. (*See Ali Sawaf,*

*Individually, and as the Administrator of the Estate of Mark S. Sawaf, Deceased v. Lexington-Fayette Urban County Government, et al.*, U.S. District Court, Central Division at Lexington, Civil Action No. 5:17-cv-00405-JMH, Complaint attached as Exhibit A). This prior civil action was dismissed by Senior Judge Joseph M. Hood as to all claims with prejudice. *See* Memorandum, Opinion And Order (Exhibit B) and Judgment (Exhibit C). This final and appealable judgment was not appealed.

Prompting Judge Hood's dismissal was a Motion/Memorandum to Dismiss filed on behalf of Defendant Dobrzynski wherein two (2) arguments were presented. Based upon the Plaintiffs' own factual allegations, the tort law claims against Dobrzynski were subject to and controlled by the Federal Torts Claims Act, an exclusive remedy which was not plead and for which these Plaintiffs also failed to plead exhaustion of the administrative procedure set forth therein, i.e. lack of subject matter jurisdiction. (See Memorandum at D.E. 10-1, Civil Action No. 5:17-cv-00405-JMH, attached as Exhibit B). Second, Plaintiffs' federal constitutional claims were barred (not actionable) because these Plaintiffs erroneously relied upon the enabling statute of 42 U.S.C. § 1983, which was not applicable under the facts as alleged. (*Id.*). Each of these legal arguments were based upon the Plaintiffs' own allegations of fact that Dobrzynski was acting in the capacity of a federal actor/employee/agent at the date/time of the incident that was alleged to have been both unconstitutional and tortious in the Complaint.

Judge Hood reviewed the facts (as alleged) and found both of these arguments persuasive.

> Plaintiff avers that, on August 11, 2016, officers from Lexington Fayette County Urban Government's (LFUCG) Fire Department and Police Department, Brad Dobrzynski, Matt Greathouse, and Clayton Roberts, participated in an Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") operation in Harlan County. Captain Dobrzynski was assigned to the Hazardous Devices Unit that participated in the operation as part of the ATF Task Force. (See Compl., DE 1, ¶¶ 17-21).

\* \* \*

 Here, the Complaint alleges that the events at issue occurred while the individual defendants, who were otherwise employees of LFUCG, were on "special detail" to and acting as "part of" a federal ATF "task force." See DE 1, ¶¶17-22. Given Plaintiff's allegations, the individual defendants qualify as federal employees for FTCA purposes despite their employment with LFUCG. [Numerous citations to the Federal Torts Claims Act ("FTCA") 28 U.S.C. § 1346 *Et. Seq.*, KRS 95.019 and footnote 1, omitted].

\* \* \*

It follows that, because the FTCA and its exclusive remedy apply in this instance, this court lacks jurisdiction to consider the state tort claims against the individual actors and, for that matter, LFUCG since Defendants were serving a task force outside of their jurisdiction as federal employees at the time (by statutory definition) on the facts alleged in Plaintiff's complaint. *See* Fed. R. Civ. P. 12(b)(1); *Allgeier*, 909 F.2d at 871 ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."); Galvin, 860 F.2d at 183 ("Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction.").[2]

[Footnote 2]: Additionally, there is no averment that Plaintiff has exhausted administrative remedies that are prerequisites to an FTCA claim before this Court, which would also deprive this Court of jurisdiction and necessitate dismissal under Fed. R. Civ. P. 12(b)(1). *See* 28 U.S.C. § 2675(a) . . .

\* \* \*

Next, Plaintiff's federal claim under 42 U.S.C. § 1983 will be dismissed. Section 1983 authorizes a private right of action to enforce federal constitutional rights against defendants who were acting under color of state law: . . . The under color of state law requirement does not extend to actions taken by federal officials who are acting under color of federal authority. . . For this reason, courts have long held that relief against federal officers for federal constitutional violations can only be pursued through an implied right of action as recognized by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court conclude that the same rule applies here. [Additional statutory and case law citations omitted].

\* \* \*

(Memorandum Opinion and Order, Civil Action No. 5:17-cv-00405-JMH at D.E. 144, attached as Exhibit B, at pp. 1-2 & pp. 3-7).

**Complaint No. 2.** More than two (2) years and four (4) months after the date of the incident, the Plaintiffs filed a civil action on January 2, 2019 in the Commonwealth of Kentucky,

Harlan Circuit Court, (again) alleging federal constitutional violations and state law tort claims/wrongful death and also alleged violations of the Kentucky Constitution.[1] (Present Complaint is attached as Exhibit D; *see also* D.E. 1). All Defendants timely removed this Complaint to U.S. District Court. (*See* Notice of Removal at D.E. 1). Defendant again responds to the Plaintiffs' latest Complaint with his present Motion to Dismiss for lack of subject matter jurisdiction and also failure to state a claim. FedR.CivP. 12(b)(1)&(6).

## STANDARD OF REVIEW

A civil complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) if it fails to state a claim upon which relief can be granted. The Rule 12(b)(6) review standard "essentially allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery." *Seger v. City of Lancaster, Ky.*, 930 F. Supp. 2d 821, 823 (E.D. Ky. 2013). When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his

---

[1] The incident occurred on August 11, 2016 and the present Complaint was filed on January 2, 2019. Plaintiff Ali Sawaf was appointed Administrator of his Plaintiff Son's Estate of Mark S. Sawaf on October 19, 2016. Accordingly, the filing of the present Complaint occurred more than one (1) year and two (2) months after Ali Sawaf was appointed as the Administrator of his son's estate. *See* Statutes of Limitations, KRS 413.180 and KRS 413.140, which will be further discussed herein; *see also* Order Appointing Fiduciary, attached as Exhibit F. Note Mark S. Sawaf was 39 years of age on the date of the incident. *See* Petition, attached as Exhibit G. The Court may consider these public records as a part of its consideration of the present Motion. *See* case law set forth in Standard of Review at p. 5 herein: *Bassett, Ohnemus* and *Kreipke, supra.*; *see also* Fed.R.Evid. 201 (Judicial Notice) and Fed.R.Evid. 803(8)&(9) (Hearsay Exceptions).

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). While all reasonable inferences must be drawn in favor of the Plaintiff, this is qualified in that the claims must still be plausible and sufficient to raise a right of relief above the speculative level. "To survive dismissal on that basis, the plaintiff must allege facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." *Wesley v. Campbell*, 779 F.2d 421, 428 (6th Cir. 2015) (quoting *Handly-Clay v. City of Memphis, Tenn*., 695 F.3d 531, 538 (6th Cir. 2012) (internal quotations omitted).

Further, the claims cannot be merely threadbare recitals of elements of a claim in order to be sufficient. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

This Court's Rule 12(b)(6) review "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Ohnemus v. Thompson*, 594 F.App'x 864, 869 (6th Cir. 2014) and *Kreipke v. Wayne State University*, 807 F.3d 768, 774 (6th Cir. 2015).

## SUMMARY OF ARGUMENT

The facts as alleged in the initial Complaint and the present Complaint have not changed, and the causes of action (except for the substitution of citation of *Bivens, v. Six Unknown Named Federal Agents,403 U.S. 388* (1971) in lieu of 42 U.S.C. § 1983) also have not changed since the filing of the initial Complaint in 2017. The Plaintiffs' tort claims and wrongful death claims remain barred (and not actionable) for lack of jurisdiction and failure to exhaust. The present Complaint still fails to name the United States as a Defendant, which is also fatal to the Plaintiffs' federal constitutional claims. *Res judicata* aka issue/claim preclusion further bars all of his claims, as do the applicable statutes of limitations. There is also no claim for loss of consortium of a child, as Mark S. Sawaf (deceased) was not a minor, and finally, there exists no cause of action for damages for Plaintiffs' alleged violation of the Kentucky Constitution.

## FACTS AS ALLEGED

The Plaintiffs hereto allege the very same facts in their present Complaint as was alleged in their initial Complaint filed on October 17, 2017. *(Compare* Complaint, Civil Action No. 5:17-cv-00405-JMH, Complaint attached as Exhibit A, <u>with</u> Complaint in the present Civil Action at D.E. 1, attached as Exhibit B). In particular, Judge Hood relied upon the factual allegations contained in paragraphs 17-22 of the initial Complaint to support his dismissal of all claims (federal and state) contained in the initial Complaint. (*See* Memorandum (Exhibit B) in its entirety). As an example, Judge Hood found as follows:

> . . . Here, the Complaint alleges that the events at issue occurred while the individual defendants, who were otherwise employees of LFUCG, were on "special detail" to and acting as "part of" a federal ATF "task force." See DE 1, ¶¶17-22. Given Plaintiff's allegations, the individual defendants qualify as federal employees for FTCA purposes despite their employment with LFUCG. [Numerous citations to the Federal Torts Claims Act ("FTCA") 28 U.S.C. § 1346 Et. Seq., KRS 95.019 and footnote 1, omitted]. . .

(Memorandum Opinion and Order, Civil Action No. 5:17-cv-00405-JMH at D.E. 144, attached as Exhibit B, at pp. 3-4).  The very <u>same</u> allegations from the initial Complaint in paragraphs 17-22 are re-alleged in the present Complaint.

Based upon the foregoing, this Defendant will refrain from further reciting the same facts from both Complaints, which assert factual allegations that Defendant Dobrzynski, and also the other individually named Defendants, qualify as federal employees for purposes of the FTCA. *See* 28 U.S.C. § 2671 (defining "employee of the government" to include "officers or employees of any federal agency ... and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently, in the service of the United States, whether with or without compensation."). *See also* Memorandum, attached as Exhibit B, at p. 4, ¶ 1).[2]

## ARGUMENTS

**I.      ALL OF THE PLAINTIFFS' STATE LAW TORT CLAIMS FAIL AS A MATTER OF LAW, BASED UPON THE EXCLUSIVE REMEDY AND MANDATORY ADMINISTRATIVE PROCESS OF THE FEDERAL TORTS CLAIMS ACT.**

The issue that was fatal to all of the state law torts claims contained in the initial Complaint remains under the present Complaint.  That being, all state law tort claims contained in both Complaints are barred by the Federal Torts Claims Act, 28 U.S.C. § 1346 *Et. Seq.*  Given that the factual allegations remain the same in both the initial Complaint and the present Complaint, Defendant Dobrzynski will incorporate his prior factual (as alleged) arguments and his legal arguments, as contained in his Memorandum filed in Civil Action No. 5:17-cv-00405-JMH at D.E. 10-1, which is attached as Exhibit E hereto. (*See e.g.* Memorandum at p. 4, ¶ 2,

---

[2] The Plaintiffs' introductory paragraph 1 of the Complaint (styled: "INTRODUCTION") does nothing to alter this fact (as alleged) analysis, given the factual allegations that are still contained in his present Complaint. *See e.g.* Complaint at ¶ 17 - ¶ 22.

*citing, Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990), which was also relied upon

by Judge Hood. *See* paragraph cited immediately below).

This Defendant cites the holding of Judge Hood as to the initial Complaint in further

support of his present argument concerning the FTCA and the state law allegations/counts

contained in the present Compliant.

> Here, the Complaint alleges that the events at issue occurred while the individual
> defendants, who were otherwise employees of LFUCG, were on "special detail"
> to and acting as "part of" a federal ATF "task force." See DE 1, ¶¶17-22. Given
> Plaintiff's allegations, the individual defendants qualify as federal employees for
> FTCA purposes despite their employment with LFUCG.1 28 U.S.C. § 2671
> (defining "employee of the government" to include "officers or employees of any
> federal agency ... and persons acting on behalf of a federal agency in an official
> capacity, temporarily or permanently, in the service of the United States, whether
> with or without compensation."); 5 U.S.C. § 3374(a), (c). ("During the period of
> assignment, a State or local government employee on detail to a Federal agency ...
> is deemed an employee of the agency for the purpose of ... the Federal Tort
> Claims Act and any other Federal tort liability statute[.]"); *cf.* Kentucky Revised
> Statute 95.019 (allowing urban county government police jurisdiction "anywhere
> in the county in which the urban county government or city is located"). For
> "personal injury or death arising or resulting from the negligent or wrongful act or
> omission of any employee of the Government," the "remedy against the United
> States" provided by the FTCA is "exclusive." See 28 U.S.C. § 2679(b)(1); *see
> also Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("The FTCA
> clearly provides that the United States is the only proper defendant in a suit
> alleging negligence by a federal employee."); *Galvin v. Occupational Safety &
> Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) **("It is beyond dispute that the
> United States, and not the responsible agency or employee, is the proper
> party defendant in a Federal Tort Claims Act suit.")**.

(Memorandum filed in Civil Action No. 5:17-cv-00405-JMH at D.E. 10-1, attached as Exhibit E

hereto, at p. 3-5) (*Emphasis added*).

As indicated above through the cases of Allgeier and *Galvin*, the United States

Government "is the only proper party to the Plaintiffs' tort law claims." The Plaintiffs have

(again) failed to name the United States as a party, but rather have (again) sued Defendant

Dobrzynski and the remaining Defendants. Accordingly, all of the Plaintiffs' state law claims

fail for lack of subject matter jurisdiction and should be dismissed with prejudice. *See e.g.*

*Allgeier*, 909 F.2d at 871 ("Failure to name the United States as defendant in an FTCA suit

results in a fatal lack of jurisdiction."); *Galvin*, 860 F.2d at 183 ("[A]n FTCA claim against a

federal agency or employee as opposed to the United States itself must be dismissed for want of

jurisdiction.").[3]

     **Failure to exhaust.** In addition to the foregoing, the Plaintiff's present Complaint does

not allege that the Plaintiffs have exhausted the administrative process of the FTCA, which is

also a subject matter jurisdictional pre-requisite to filing an action in tort. As Judge Hood

properly noted in a footnote as to the initial Complaint:

> **"[T]here is no averment that Plaintiff has exhausted administrative remedies**
> that are prerequisites to an FTCA claim before this Court, which would also
> deprive this Court of jurisdiction and necessitate dismissal under Fed. R. Civ. P.
> 12(b)(1). *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim
> against the United States for money damages for injury or loss of property or
> personal injury or death caused by the negligent or wrongful act or omission of
> any employee of the Government while acting within the scope of his office or
> employment, unless the claimant shall have first presented the claim to the
> appropriate Federal agency and his claim shall have been finally denied by the
> agency in writing and sent by certified or registered mail."); *Blakely v. United
> States*, 276 F.3d 853, 864 (6th Cir. 2002) (explaining how jurisdiction is lacking
> where FTCA administrative remedies have not been exhausted); *Bangas v. Potter*,
> 145 F. App'x 139, 142 (6th Cir. 2005)(same).

(Memorandum filed in Civil Action No. 5:17-cv-00405-JMH at D.E. 110-1, attached as Exhibit

E hereto, at footnote 2, p. 5-6).

     In the present Complaint, there is "no averment that Plaintiff has exhausted

administrative remedies that are prerequisites to an FTCA claim before this Court." (*See* **bolded**

---

[3] The Defendants further note: that the Harlan Circuit Court has no jurisdiction as to these state law torts, given that
Federal Torts Claims Act is both exclusive and controlling. As such the Plaintiffs' reliance upon Kentucky's
"savings statute" (KRS 413.270) is both misplaced and in error, as a matter of law. (*See* Complaint at ¶ 5).

language above).  As such, the state law torts contained in the Complaint also fail as a matter of law on this jurisdictional prerequisite.

## II.     ISSUE/CLAIM PRECLUSION BARS THE PLAINTIFFS' STATE LAW CLAIMS.

As evidenced by prior decision and final and appealable judgment of Judge Hood (for which no appeal was taken), the Plaintiffs' state law tort claims are also barred by the doctrine of issue/claim preclusion.  An analogous situation, albeit under different federal statutes, of the "initial Complaint" and the "present Complaint" of the Plaintiffs hereto was presented in the matters of "Mitchell I" and "Mitchell II" that came before U.S. District Court, Honorable Karl S. Forester, and, thereafter, on-appeal to the Sixth Circuit Court of Appeals.

> Mitchell challenges the district court's determination that the principles of claim preclusion, or res judicata,[5] rendered the judgment in Mitchell I as a bar to *819 Mitchell II. This Court reviews the dismissal of a case on claim preclusion grounds de novo. *See Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995) *(citing Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994)).

> Claim preclusion is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment. *See Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). It precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit. *See Stern v. Mascio*, 262 F.3d 600, 608 (6th Cir.2001) *(citing Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660–61 (6th Cir.1990)). Claim preclusion only arises, however, in the presence of the following four elements: (1) where the prior decision was a final decision on the merits; (2) where the present action is between the same parties or their privies as those to the prior action; (3) where the claim in a present action should have been litigated in the prior action; and (4) where an identity exists between the prior and present actions. *See Kane*, 71 F.3d at 560.

> Here, the central dispute involves the first three elements of claim preclusion— whether there was a final decision on the merits, whether the two actions were filed against the same parties or their privies, and whether the claims in Mitchell II should have been brought in Mitchell I.[6] The Court shall address each element in turn.

*Mitchell v. Chapman*, 343 F.3d 811, 818-819 (6th Cir. 2003).

**1. Decision on the merits.** In this civil action, the Plaintiffs have failed to allege exhaustion of the administrative process under the FTCA and also have failed to name the United States as a party, but rather sued several individually named defendants and also sued the Lexington Fayette County Urban Government (LFUCG). Judge Hood ruled on these issues and entered a final and appealable judgment that was not appealed. His Memorandum and Judgment constituted a decision on the merits as to the issues, which is fatal to the Plaintiffs' present Complaint. *See Mitchell*, 343 F.3d at 819-822.

> It is well-established that a party's exhaustion of administrative processes for filing a claim of discrimination is a condition precedent to filing suit in the district court, rather than a jurisdictional prerequisite. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (holding that the administrative provisions requiring an employee to pursue a charge of discrimination with the EEOC are conditions precedent to suit subject to waiver, tolling and estoppel); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (extending Zipes to administrative requirements for federal employees bringing suits against federal agencies). This Court has held that a federal employee's administrative obligation to consult with an EEO counselor within a particular time period is a precondition to filing suit subject to equitable tolling, waiver and estoppel. *See Boddy*, 821 F.2d at 350 (*citing Zipes*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234). The distinction between a jurisdictional prerequisite and a condition precedent is of significant analytical import because a dismissal for lack of subject matter jurisdiction is not a dismissal on the merits for claim preclusion purposes. *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 916 (6th Cir.1986) ("Normally, Rule 12(b)(6) judgments are dismissals on the merits and Rule 12(b)(1) dismissals are not.") (Citation omitted).

*Mitchell*, 343 F.3d at 819-820.[4]

Although addressing different federal statutes, the legal analysis as set forth in *Mitchell* is applicable to the prior Memorandum and Judgment of Judge Hood. That being, Judge Hood's

---

[4] *See also Mitchell*, 343 F.3d at 820 ("It further is well-established that conditions precedent are similar to statutes of limitations. *See Truitt v. County of Wayne*, 148 F.3d 644, 646–47 (6th Cir.1998)" ("[W]e hold that [an administrative condition precedent requiring a plaintiff to file suit within ninety days of receiving a right to sue letter from the EEOC] is not a jurisdictional requirement but, instead, is a timing requirement similar to a statute of limitations, subject to waiver, estoppel and equitable tolling.")).

prior final and appealable judgment with prejudice as to the initial Complaint (that was not appealed) is a decision on the merits as to the claims alleged in the present Complaint, including the Plaintiffs' belated decision to now include *Bivens* claims (as opposed to their original reliance upon Section 1983). Otherwise, the Plaintiffs will also improperly benefit from the splitting of their claims.

**Rule against claim splitting.** This rule was recently addressed in a U.S. District Court decision with citation to published legal precedent.

> The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Katz v. Gerardi*, 655 F.3d 1212 (10th Cir. 2011). There is a strong policy against "claim-splitting*." See Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004) ("[A] plaintiff must join all claims arising from the same set of facts in a single proceeding and cannot split them across multiple fora.") (*citing* Restatement of Judgments (Second) § 24 (1982) ). The prohibition against claim-splitting rests both on the discretion of courts to control their docket as well as on principles of res judicata. *Sanders Confectionary v. Heller*, 973 F.2d 474 (6th Cir. 1992). In these regards, as a matter of efficiency and fairness, court should not allow parties to gain procedural advantages by splitting causes of action. "It is well-settled that a plaintiff may not use the tactic of filing substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." *Hartsel Springs Ranch v. Bluegreen*, 296 F.3d 982, 990 (10th Cir. 2002).

*Waad v. Farmers Ins. Exchange*, 2018 WL 1964679 at * 2-3 (E.D. Michigan, Southern Division, May 24, 2018).[5]

"Second, after the Court dismissed Farmers and Keller from the 2016 Case, plaintiffs could have moved for reconsideration or to amend their complaint to include the allegations of 'state action' now contained in the 2017 Case." *Id.* 2018 WL 1964679 at *3. So too, the Plaintiffs hereto could have moved for reconsideration –or– could have moved to amend their initial Complaint following the filing of Defendant Dobrzynski's Motion to Dismiss the initial

---

[5] See also *Id.* at 2018 WL 1964679  * 4 ("Other principles also underlie the judicial policy prohibiting parties from claim-splitting. See Curtis v. Citibank, 226 F.3d 133, 138 (2d. Cir. 2002) ("The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or res judicata.")).

Complaint for its reliance upon 42 U.S.C. § 1983 as opposed to a *Bivens* action –or– could have appealed to the Sixth Circuit. The Plaintiffs hereto took none of these actions, but tried to "game-the-system" by waiting three (3) months and filing a second Complaint in state court, citing *Bivens* and also KRS 413.270. (*See* Complaint at ¶ 3, ¶ 4 & ¶ 5).

**2. Same parties.** The second prong of claim/issue preclusion is also satisfied for purposes of the present Motion, as the same Plaintiffs have sued the same Defendants as named in both the initial Complaint and the present Complaint. "The second element of claim preclusion operates to bar successive claims among the same parties or their privies." *Mitchell*, 343 F.3d at 822. According, the identity of the parties supports claim/issue preclusion.

**3. Was or should have been litigated in the prior action.** The Plaintiffs hereto should have litigated their claims in the prior federal action, wherein the initial Complaint contained a detailed recitation of the facts and included alleged facts that the Plaintiffs were clearly on-notice that the individually named Defendants were acting in a federal agent/employee capacity at the time of the incident. Moreover, these Plaintiffs could have moved to amend their initial Complaint to substitute the citation of *Bivens* for the original citation to Section 1983. Undersigned defense counsel respectfully submits that such leave to file an amended aka corrected complaint is regularly requested under the same and similar scenarios. In any event, the issues should have been litigated as a part of the initial Complaint proceedings. Again, under analogous circumstances, the Sixth Circuit has recognized that this prong three (3) of issue/claim preclusion was satisfied.

> The central purpose of claim preclusion is to prevent the "relitigating of issues that were or could have been raised in [a prior] action*." Federated Dep't Stores, Inc., v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). The district court determined that Mitchell could have brought his Title VII, FMLA, 42 U.S.C. § 1983, Fourteenth Amendment, and KCRA claims in Mitchell I. The record supports the district court's finding.

It is undisputed that Mitchell was aware of all of the facts giving rise to his claims at the time he filed Mitchell I. Indeed, Mitchell expressly alleged disability discrimination[12] and violations of the FMLA in both his Grievance and his EEO charge filed prior to Mitchell I. (J.A., 42, 160.)

*Mitchell*, 343 F.3d at 824.[6]

For the reasons set forth above, prong three (3) of claim/issue preclusion is satisfied.

### 4. identity of the causes of action.

"[*Res judicata*] bars relitigation on every issue actually litigated or which could have been raised with respect to that claim. *James v. Gerber Products Co.*, 587 F.2d 324, 328 (6th Cir. 1978). "To constitute a bar, there must be an identity of the causes of action that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981) (Citation omitted). The facts creating the right of action (alleged federal constitutional violations, alleged state law torts and also an alleged state constitutional violation) were all contained in the initial Complaint and these same facts were simply re-alleged (cut-and-pasted) in the present Complaint. As such, the fourth (4) prong of claim/issue preclusion, identity of causes of action, is satisfied.

Based upon the foregoing, Defendant Captain Brad Dobrzynski, in his individual capacity, respectfully moves this Court to dismiss with prejudice the present Complaint in its entirety based upon *res judicata* aka the doctrine of issue/claim preclusion.

---

[6] *See also Mitchell, supra.*at footnote 5 (" In *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the United States Supreme Court expressed its preference for the use of the term "claim preclusion," rather than the more traditionally utilized term "res judicata." *Migra,* 465 U.S. at 77 n. 1, 104 S.Ct. 892. Res judicata generally includes two separate concepts—claim preclusion and issue preclusion. Claim preclusion, or true res judicata, refers to effect of a prior judgment in foreclosing a subsequent claim that has never been litigated, because of a determination that it should have been advanced in an earlier action. Id. Issue preclusion, on the other hand, refers to the foreclosure of an issue previously litigated. Id").

### III. PLAINTIFFS' *BIVENS* CLAIMS FOR ALLEGED FEDERAL CONSTITUTIONAL VIOLATIONS IS TIME BARRED.

"Plaintiff, ALI SAWAF, brings this Complaint both Individually, as MARK SAWAF's father, and as Administrator of the Estate of MARK SAWAF, deceased, for the wrongful assault and killing of MARK S. SAWAF, as well as for loss of filial consortium on the behalf of ALI SAWAF." (Compliant at ¶ 2). The Estate alleges torts and federal constitutional claims and also a state constitutional claim. (*See* Complaint at Counts I – VIII and Counts X and XI). The individual Plaintiff alleges a tort/loss of consortium claim.

The Sixth Circuit Court of Appeals has held as to the statute of limitation for *Bivens* claims as follows:

> This court has previously explained that "[i]n addressing the timeliness of a federal constitutional damages action, 'the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so.' " *Harris v. United States*, 422 F.3d 322, 331 (6th Cir.2005) (*quoting Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). **This practice applies to § 1983 actions and to *Bivens*** actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages. *Id.* (*citing McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir.1987)).

*Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012) (*Emphasis added*).

> Mitchell's argument requires little analysis. In *Bivens*, the Supreme Court recognized a right to recover damages against federal officials who violate an individual's constitutional rights. *See Bivens*, 403 U.S. at 395, 91 S.Ct. 1999. Mitchell did not allege a *Bivens* claim in Mitchell II; rather, he averred claims pursuant to Section 1983. There lacks any authority in support of Mitchell's blanket proposition that a court must convert a Section 1983 claim asserted against federal officials to one asserting *Bivens* violations. Assuming arguendo, that this Court were to place such a requirement on the district courts, Mitchell's claim nevertheless fails.
>
> ***Bivens*** **claims have a one year statute of limitations under Kentucky law.** *See McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir.1987). As the district court acknowledged, Mitchell filed his Section 1983 claim (or the purported *Bivens* action) nearly three years past the limitations period. (J.A., 34.)

*Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003)(*Emphasis added*); *see also* KRS 413.140 (Kentucky's one (1) year statute of limitations that is applicable to *Bivens* and Section 1983 claims).[7]

Kentucky also has a statute for an action brought by a personal representative on behalf of an estate of a deceased. KRS 413.180. This statute is applicable to the torts/wrongful death actions brought by estates, in the <u>absence</u> of a federal tortious actor(s) for which the Federal Torts Claims Act is controlling. *See* KRS 413.180(1) and KRS 411.130.[8] Whether or not KRS 413.180(1) would extend the one (1) year statute of limitations contained in KRS 413.140 for the *Bivens* action contained in the present Complaint <u>from</u> one (1) year from the date of the incident <u>to</u> one (1) year from the date of qualification of Ali Sawaf as Administrator for his Son's Estate need <u>not</u> be addressed by this Court. The reason: the Plaintiff's present Complaint is time barred under either scenario, as evidenced by the timeline.

**Timeline/procedural history.** The uncontested timeline of events for this litigation is as follows:

- The incident in litigation occurred **on August 11, 2016.**

- Plaintiff Ali Sawaf was appointed Administrator of his Plaintiff Son's Estate of Mark S. Sawaf **on October 19, 2016.**

---

[7] In addition, the Federal Torts Claims Act has its own statute of limitations. 42 U.S.C. § 2401(a) provides that: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." There is no allegation that the Plaintiffs met the above statutory requirements. Moreover, there also is no allegation that the Plaintiffs satisfied the administrative exhaustion requirement that is contained in the FTCA. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.").

[8] *See also* FTCA argument contained herein or incorporated by reference.

- Plaintiffs Ali Sawaf and the Estate of Mark S. Sawaf filed their initial Complaint in the U.S. District Count **on October 19, 2017.**

- Defendants LFUCG, Greathouse and Roberts moved the U.S. District Court for partial dismissal of the initial Complaint on December 1, 2017 (D.E. 9; *see also* D.E. 11).

- Defendant Dobrzynski moved the U.S. District Court to dismiss the initial Complaint in its entirety on December 1, 2017 (D.E. 10).

- Plaintiffs did not seek to amend their Initial Complaint to substitute a *Bivens* citation to replace their erroneous reliance upon 42 U.S.C. § 1983, nor did the Plaintiffs seek to amend to add the Federal Torts Claims Act nor did they exhaust the administrative process contained in this Act nor did they amend to add/substitute the United States as a party.

- Plaintiffs filed a Joint Response to the Defendants' Motions to Dismiss on January 15, 2018 (D.E. 17).

- Senior Judge Joseph M. Hood issued a Memorandum, Opinion And Order and granted the Motions to Dimiss, and also entered a final and appeal Judgment dismissing all claims against the Defendants as to the initial Complaint with prejudice, **on September 28, 2018.**

- Plaintiffs did not move the U.S. District Court for any other relief as to the Memorandum, Opinion And Order and Judgment. The Plaintiffs also did not appeal this Judgment to the Sixth Circuit Court of Appeals.

- Deadline for relief from the District Court and also the deadline for appeal to the Sixth Circuit expired.

- Plaintiffs filed their second Complaint in the Harlan Circuit Court **on January 2, 2018**.

- Defendants timely removed the second Complaint to U.S. District Court, Central Division at London, on January 24, 2019, based upon the federal constitutional violations (belatedly brought) pursuant to *Bivens* and further based upon the Federal Torts Claims Act (which was not cited in the second Complaint).

The events above are relevant to the present Motion to Dismiss, and the **bolded** dates are particularly relevant to this Defendant's statute of limitations argument. As such, the all of the Plaintiffs' causes of action are time barred.

The present Complaint was filed more than one (1) year and two (2) months after Ali Sawaf was appointed as the Administrator of his Son's Estate. *See* Statutes of Limitations, KRS 413.180 and KRS 413.140. *See also* footnote 1 herein. Moreover, the present Complaint was also filed two (2) years and three (3) months after the date of the incident. *See e.g. Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) (*Bivens* claims have a one year statute of limitations under Kentucky law. Therefore, the present Complaint is time barred for these reasons. The present Complaint is also time barred for failure to comply with the Federal Torts Claims Act. *See* events (failures) as to the FTCA in the timeline above; *see also* footnote 7 herein.

## IV. THERE IS NO CLAIM FOR LOSS OF CONSORTIUM OF A CHILD FOR PLAINTIFF ALI SAWAF'S CLAIM FOR FILIAL CONSORTIUM.

For Count IX of the present Complaint (and also Count IX of the prior Complaint), Plaintiff Ali Sawaf alleges that he "has suffered in the form of mental and physical pain, suffering and anguish, and loss of love, affection, companionship and filial consortium of his son, MARK S. SAWAF, deceased." At ¶ 161.[9]

---

[9] The Complaint uses the term "filial." "Filiation. . . The relation of child to father. In the civil law, the descendant of son or daughter, with regard to his or her father, mother and their ancestors." BLACK'S LAW DICTIONARY 628 (6th ed 1990).

Parents may assert a claim for "loss of affection and companionship that would have been derived from [a] child during its minority, in addition to all other elements of the damage usually recoverable in a wrongful death action." KRS 411.135. However, Kentucky courts have declined to extend this cause of action to personal injury cases. *Bayless v. Boyer*, Ky., 180 S.W.3d 439, 448-449 (2005*); see also Goebel v. Arnett*, Ky. App., 259 S.W.3d 489, 492-93 (2007). Like loss of spousal consortium, courts consider a claim for loss of a child's consortium as a separate cause of action that is personal to the parent, rather than an enhancement of the damages that may be recovered in a wrongful death action. *Department of Educ. v. Blevins*, Ky., 707 S.W.2d 782, 784 (1986), abrogated *on other grounds by statute*.

Plaintiff Ali Sawaf's claims in Count IX are necessarily brought pursuant to KRS 411.135, which provides for a cause of action for the parent of a minor child. The Defendant does not contest that Ali Sawaf was the parent of Mark S. Sawaf (deceased), but it is without any dispute that Mark Sawaf was 39 years old on the date of the incident (8/11/16) and, therefore, he was not a minor (under the age of 18) under Kentucky law on the date of the incident. *See* KRS 2:015; *see also* Date of Death on the Petition IN RE: Estate of Mark Samir Sawaf, unmarried without children, which is attached as Exhibit G. Therefore, the claims of Plaintiff Ali Sawaf fail for the reason of Mark Sawaf's age, as well as the other reasons previously set forth herein.

## V. THERE EXISTS NO PRIVATE CAUSE OF ACTION FOR DAMAGES UNDER THE KENTUCKY CONSTITUTION, THEREFORE, THE PLAINTIFFS' ALLEGED VIOLATION OF THEIR STATE CONSTITUTIONAL RIGHTS FAILS AS A MATTER OF LAW.

The Kentucky Supreme Court has ruled that there is no private cause of action for alleged violations of the Kentucky Constitution. St. Luke Hospital, Inc. v. Straub, 354 S.W.3d 529, 537-38 (Ky. 2011). Plaintiff's claims for injury damages resulting from an alleged violation of the Kentucky State Constitution fail as a matter of law. The Kentucky Supreme Court, in *St. Luke*

*Hospital v. Straub*, clearly held there is no private right of action for state constitutional violations and then specifically declined to judicially create such a constitutional tort. *St. Luke Hosp.*, 354 S.W.3d at 536-538. Kentucky has no enabling legislation such as 42 U.S.C. § 1983. This holding has been explicitly recognized by Federal Courts. *See Jackson v. Murray St. Univ.*, 834 F.Supp.2d 609, 614-615 (W.D.Ky. 2011); *Tallman v. Elizabeth Police Dept.*, 344 F.Supp.2d 992, 997 (W.D.Ky. 2004); *see also Clark v. Comm.*, 229 F.Supp.2d 718, 727 (E.D.Ky. 2002).

## VI.     INCORPORATION BY REFERENCE.

Defendant Dobrzynski incorporates, by reference, the Motion/Memorandum to Dismiss filed by the other Defendants to this civil action. (*See* D.E. 5). Given that these Plaintiffs' prior Complaint[10] is nearly identical and with the same factual allegations and same causes of action as contained in the present Complaint, Defendant Dobrzynski also incorporates his Memorandum to Dismiss that was successfully filed to dismiss the previously filed/prior Complaint. (At D.E. 10-1; *see also* Memorandum and Judgment of Judge Hood at D.E. 20 & D.E. 21).

---

[10] Filed in *Ali Sawaf, Individually, and as the Administrator of the Estate of Mark S. Sawaf, Deceased v. Lexington-Fayette Urban County Government, et al*., U.S. District Court, Central Division at Lexington, Civil Action No. 5:17-cv-00405-JMH

## VII. CONCLUSION.

Defendant Captain Brad Dobrzynski, in his individual capacity, by and through counsel, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, respectfully moves this Court to grant his present Motion and dismiss the Plaintiffs' Complaint in its entirety and to further enter a final and appealable Judgment with dismissal of all claims with prejudice.

Respectfully submitted,

STURGILL, TURNER, BARKER
& MOLONEY, PLLC

*/s/ Charles D. Cole*
CHARLES D. COLE
L. SCOTT MILLER
333 West Vine Street, Suite 1500
Lexington, KY 40507
(859) 255-8581
ccole@sturgillturner.com
smiller@sturgillturner.com
ATTORNEYS FOR DEFENDANT,
BRAD DOBRZYNSKI, IN HIS
INDIVIDUAL CAPACITY

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and served on counsel of record via the CM/ECF system.

*/s/ Charles D. Cole*
ATTORNEY FOR DEFENDANT,
BRAD DOBRZYNSKI, IN HIS
INDVIDUAL CAPACITY

x:\wdox\clients\65712\0001\pleading\01071882.docx