UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ALI SAWAF, INDIVIDUALLY AND AS THE ADMINISTRATOR OF THE ESTATE OF MARK S. SAWAF, | ) ) ) ) | Civil Action No. 6:19-CV-020-CHB |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **ORDER GRANTING MOTIONS TO DISMISS** |
| LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT, BRAD DOBRZYNSKI, MATT GREATHOUSE, CLAYTON ROBERTS, UNKNOWN EMPLOYEES of the LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT DIVISION of POLICE and FIRE DEPARTMENT/PUBLIC SAFETY, and ANY AND ALL OTHER UNKNOWN DEFENDANTS, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on two Motions to Dismiss filed by Lexington-Fayette Urban County Government, Brad Dobrzynski, Matt Greathouse, and Clayton Roberts [R. 5; R. 6]. The Court granted the Plaintiff's Motion for Extension of Time to Respond to Defendants' Motions to Dismiss, and gave the Plaintiff up to and including April 6, 2019 within which to respond to the Motions. [R. 9] This response deadline has long-since expired. The Defendants' Joint Motion to Submit Motions to Dismiss [R. 10] stated that counsel for one of the Defendants confirmed with Plaintiff's counsel that Plaintiff was not going to file a Response to the Motions to Dismiss. [R. 10 at p. 1] Thus, the Defendants' motions stand unopposed. The Court interprets Plaintiff's failure to respond as effectively waiving any opposition to Defendants' motions. *See*

*Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *Scott v. State of Tenn.*, 878 F.2d 382 (6th Cir. 1989) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion. *See Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd*, 577 F.2d 740 (6th Cir. 1978) (unpublished per curiam).").

The Court perceives no reason to address the substantive merits of a motion without substantive (or any) opposition. *See* LR 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion."). Plaintiff initiated this suit, and it was Plaintiff's responsibility to timely litigate its merits. The Court will grant the motions to dismiss the Plaintiff's claims against the named defendants. Further, because the Court is unable to ascertain from the record whether or not any of the "unknown" defendants have been identified and served, the Court will require the Plaintiff to show cause why his remaining claims should not be dismissed pursuant to Fed. R. Civ. P. 4(m).

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Defendants' **Motions to Dismiss** [**R. 5**; **R. 6**] are **GRANTED**. The Plaintiff's claims against Matt Greathouse, Lexington-Fayette Urban County Government, Clayton Roberts, and Brad Dobrzynski are **DISMISSED**.

2. Counsel for the Plaintiff is given **SEVEN (7) DAYS from the date of entry of this order** in which to show cause, if any, why this action should not be dismissed

pursuant to Fed. R. Civ. P. 4(m) for failure to serve the summons and complaint upon the remaining defendants within 90 days after the filing of the Complaint.

This the 26th day of April, 2019.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY